## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **George White** and | Case No. 3:26-CV-577 |
| | Case Type: Employment/ADEA |
| **Joanne White**, | |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| | **(JURY TRIAL DEMANDED)** |
| **Wisconsin Truss, Inc.**, | |
| Defendant. | |

### INTRODUCTION

1.      George and Joanne White (collectively, "the Whites") bring this employment-discrimination action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., against Defendant Wisconsin Truss, Inc. ("WTI"). After decades of loyal and exemplary service, WTI declared the Whites were "too old" for their jobs and terminated their employment, causing immediate and severe economic harm.

### PARTIES

2.      Mr. George White is a citizen and domiciliary of Cornell, Chippewa County, Wisconsin. Mr. White was an "employee" of WTI as defined by the ADEA, 29 U.S.C. § 630(f). At all times relevant herein, Mr. White was over 40

years old and thus within the class protected by the ADEA. As of the filing of this Complaint, Mr. White is 77 years old.

3.      Mrs. Joanne White is a citizen and domiciliary of Cornell, Chippewa County, Wisconsin. Mrs. White was an "employee" of WTI as defined by the ADEA, 29 U.S.C. § 630(f). At all times relevant herein, Mrs. White was over 40 years old and thus within the class protected by the ADEA. As of the filing of this Complaint, Mrs. White is 71 years old.

4.      WTI is a corporation formed under the laws of the State of Wisconsin. Although WTI's registration with the State of Wisconsin Department of Financial Institutions is delinquent as of the date of this Complaint, WTI's registered office address is located at its principal place of business at 609 Industrial Park Road, Cornell, Wisconsin 54732. WTI was the Whites' "employer" as defined by the ADEA, 29 U.S.C. § 630(b). At all times relevant herein, WTI engaged in an industry affecting commerce and employed twenty or more employees for each working day in each of twenty or more calendar weeks in the applicable calendar years.

## JURISDICTION AND VENUE

5.      The Whites have satisfied all administrative prerequisites to suit. Each timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), more than sixty days have elapsed since the filing of those charges, and the Whites commenced this action within ninety days of receiving their respective Notices of Dismissal and Rights—each issued on May 13, 2026.

6.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 626(c) because Plaintiffs' claims arise under the ADEA, 29 U.S.C. § 621 et seq.

7.      This Court has personal jurisdiction over WTI because it is a citizen of the State of Wisconsin and because it resides, operates, and does business within this State and District.

8.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the claims arose in this District and the parties reside in this District.

## GENERAL ALLEGATIONS

9.      The Whites incorporate each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

10.     WTI manufactures trusses and related products for constructing buildings at its industrial property in Cornell, Wisconsin.

11.     On May 28, 1974, WTI hired George White to work in the production and saw shops at WTI's industrial property in Cornell, Wisconsin.

12.     Over the course of his employment, Mr. White received numerous promotions and pay raises. Mr. White served as the supervisor of the entire WTI plant for over twenty years before voluntarily stepping down from that position approximately ten years ago due to health issues.

13.     In May 1995, WTI hired Joanne White to work in the production and saw shops at WTI's industrial property in Cornell, Wisconsin.

14.     Over the course of her employment, Mrs. White received numerous pay raises based on merit and tenure.

15.     For decades, the Whites performed their jobs successfully and met or exceeded WTI's performance expectations. Throughout their respective tenures, WTI never disciplined, coached, warned, or otherwise criticized either of the Whites for performance-related reasons.

16.     WTI's own personnel records reflect that the Whites had no history of progressive discipline or performance-related criticisms.

17.     In April 2025, the Whites' supervisor in the saw shop told the Whites to "slow down" their production because WTI had not received as many orders as usual, business was slow, and he did not want to have to send anyone home due to a lack of available work.

18.     Within weeks, in or around May 2025, WTI involuntarily moved the Whites off the automatic saw to a less efficient manual saw without providing an explanation. WTI also began assigning the Whites to work on smaller volume orders.

19.     Simultaneously, WTI assigned substantially younger employees to take the Whites' place on the automatic saw.

20.     The two younger employees reported to the same supervisor as the Whites, held the same positions as the Whites, and produced a similar number of boards per day as the Whites.

21.     The automatic saw tracks and stores production data, including the daily number of boards cut and produced. The Whites observed that the younger employees' daily production data was similar to the Whites' production figures before WTI reassigned them.

22.     One of the younger employees frequently increased the speed of the

automatic saw to a level that the other employee could not sustain. Mr. White repeatedly stepped in to assist when the latter needed a break.

23.     In or around June 2025, WTI hired three new employees, which prompted the Whites to question whether WTI genuinely received fewer orders than usual and whether business was as slow as alleged. Additionally, the Whites noticed that other employees began knocking over their stacks of boards and dumping sawdust in or near the Whites' workstation.

24.     Mr. White then raised concerns with WTI's General Manager about the unfair transfer to the manual saw and ongoing issues related to their workstation.

25.     On July 1, 2025, WTI's General Manager called the Whites into a meeting and terminated them simultaneously.

26.     In the termination meeting, WTI's General Manager stated, "you're both too old [to continue working here]."

27.     WTI did not terminate, discipline, or otherwise question the substantially younger employees who had been assigned to the automatic saw.

28.     As a result of WTI's unlawful conduct, the Whites have been injured and have suffered lost wages, lost benefits, and other damages.

29.     The Whites' loss of wages caused them to deplete their savings prematurely, jeopardizing their long-term financial security.

30.     WTI's termination of the Whites caused them to lose not only their income but also their health insurance coverage, forcing them to pay exorbitant COBRA premiums or risk being uninsured and exacerbating the financial and emotional toll of WTI's unlawful actions.

31.     WTI's conduct caused the Whites to suffer financial harm and jeopardized their future earning potential and career prospects.

32.     The loss of employment at the Whites' ages has caused extreme difficulty in their search for comparable subsequent employment.

33.     As of the filing of this Complaint, Mr. White remains unemployed, despite diligently applying for jobs since the termination on July 1, 2025.

34.     Mrs. White obtained subsequent employment in late February 2026, making $7.00 per hour less than her hourly wage at the time WTI terminated her employment.

## CAUSES OF ACTION

### COUNT I:
### AGE DISCRIMINATION
### ADEA — 29 U.S.C. § 621 et seq.

35. The Whites incorporate each of the preceding and subsequent paragraphs as if fully set forth herein and throughout.

36. Employers are prohibited from discharging or otherwise discriminating against any individual because of such individual's age. 29 U.S.C. § 623(a)(1).

37. At all times relevant, the Whites were over forty years old and were members of the class protected by the ADEA.

38. As alleged herein and to be further presented at trial, the Whites were qualified for their positions and performed their essential job duties satisfactorily, as reflected by their decades of service, pay raises, promotions, and lack of performance criticism or disciplinary action.

39. WTI terminated each of the Whites' employment.

40. WTI terminated the Whites because of their ages. Their ages were the but-for cause of WTI's decision to terminate their employment.

41. WTI's violation of the ADEA was willful because WTI knew or showed reckless disregard for whether its conduct was prohibited by federal law, warranting liquidated damages.

42.    As a direct and proximate result of WTI's unlawful conduct, the Whites sustained, and continue to sustain, injuries and damages recoverable under the ADEA.

43.    WTI is liable to the Whites for lost wages, lost benefits, and other damages recoverable under the ADEA.

44.    The Whites are entitled to all relief available under the ADEA, including lost wages, lost benefits, liquidated damages, equitable relief, attorneys' fees, costs, interest as allowed by law, and such further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an order and judgment in their favor and against Defendant, as follows:

A.  declaring that Defendant violated the ADEA and is liable to each Plaintiff for those violations;

B.  awarding Plaintiffs all lost wages, lost benefits, back pay, reinstatement or, in lieu of reinstatement, front pay, and other legal and equitable relief available under the ADEA;

C.  awarding Plaintiffs liquidated damages under the ADEA;

D. granting Plaintiffs appropriate injunctive and declaratory relief under the ADEA;

E. ordering Defendant to pay Plaintiffs' costs, interest, and attorneys' fees; and

F. granting such further relief as the Court deems just, equitable, and proper.

*Plaintiffs demand a jury trial.*

Dated: June 23, 2026                      HALUNEN LAW

Joshua Newville, WI #1092059
1650 IDS Center, 80 S 8th St
Minneapolis, Minnesota 55402
newville@halunenlaw.com
Telephone: 612-900-2563
*Attorney for Plaintiffs*